UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Deborah Melina,

Plaintiff,

v.

Brooklyn Park Budget Cars, Inc., and Morrie's Imports, Inc., d/b/a Morrie's Automotive Group,

Defendants.

**STIPULATION TO AMEND COMPLAINT**

Court File No. 01-CV-1695-PAM/RLE

---

It is hereby stipulated by the undersigned on behalf of the parties hereto that the complaint in the above-entitled action is amended to reflect the changes contained in the second amended complaint attached as Exhibit A. It is further stipulated by the undersigned that the answers heretofore served on Plaintiffs shall be deemed to be an answer to the second amended complaint. Any new matters alleged in the second amended complaint shall be deemed to be denied unless admitted or otherwise alleged by Defendants hereafter in a subsequent pleading.

Dated: 7/11/02

NICHOLS KASTER & ANDERSON PLLP

Donald H. Nichols #78918
Steven Andrew Smith #260836
4644 IDS Center
Minneapolis, MN 55402
(612) 338-1919
ATTORNEYS FOR PLAINTIFFS

(15) (16) (17)

FILED JUL 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: July 11, 2002

LITTLER MENDELSON, P.C.
Kathryn Mrkonich Wilson (#283605)
Chad W. Strathman (#270957)
Multifoods Tower – Suite 3110
33 South 6th Street
Minneapolis, Minnesota 55402
Telephone: 612.630.1000
Facsimile: 612.630.9626
ATTORNEYS FOR DEFENDANT

**ORDER**

**It is so ordered.**

Date: July 15, 2002

Raymond L. Erickson

Hon. Raymond L. Erickson
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Deborah Melina,

Plaintiff,

**FIRST AMENDED COMPLAINT**
**(Jury Trial Demanded)**

v.

Brooklyn Park Budget Cars, Inc., and Morrie's Imports, Inc., d/b/a Morrie's Automotive Group,

Court File No. 01-CV-1695-PAM/RLE

Defendants.

---

Plaintiff, by her attorneys Nichols Kaster & Anderson, brings this action for damages and other legal and equitable relief from Defendants' violations of law, stating the following as her claims against Defendants.

## JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. as amended by the Civil Rights Act of 1991. Jurisdiction is conferred upon this Court by 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1343(4). Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims under state law.

2. Plaintiff asserts claims under the Minnesota Human Rights Act, Minn. Stat. § 363.01 et seq., for which jurisdiction is based on the doctrine of pendent jurisdiction.

3. The unlawful practices described hereinafter have been committed in the District of Minnesota, the employment records relevant to those practices are, on information and belief, maintained and administered at the offices of Defendants in the District of Minnesota, and Defendants operate a business in the District of Minnesota.

## PARTIES

4. Plaintiff Deborah Melina is an individual who resides in the City of Fridley, County of Anoka, State of Minnesota.

5. Defendants Brooklyn Park Budget Cars, Inc. and Morrie's Imports, Inc., d/b/a Morrie's Automotive Group ("Morrie's") are Minnesota corporations, operated locally at 12520 Wayzata Blvd, City of Minnetonka, County of Hennepin, State of Minnesota.

6. During all relevant times herein, Plaintiff was an "employee" of Morrie's within the meaning of 42 U.S.C. § 2000e (f) and Minn. Stat. § 363.01(16). Morrie's was her "employer" within the meaning of 42 U.S.C. § 2000e(b) and Morrie's was her "employer" within the meaning of Minn. Stat. § 363.01(17).

## FACTS COMMON TO ALL COUNTS

7. In or about January April 1999, Plaintiff began her employment with Morrie's as a Salesperson. Plaintiff was later promoted to Sales Manager.

8. During her employment with Morrie's, Plaintiff was sexually harassed by Ron Wolf, an owner of Morrie's.

9. Examples of the conditions and behavior Plaintiff was subjected to at Morrie's by Mr. Wolf include, but are not limited to, the following: Mr. Wolf repeatedly phoning her at work in a highly intoxicated state and telling Plaintiff that she was the "best thing that ever happened" to him; Mr. Wolf informing Plaintiff that he was jealous that she had dinner with another man; and Mr. Wolf telling Plaintiff "I love you."

10. Plaintiff reported Mr. Wolf's conduct to another owner of Morrie's, Joe Ruland. A few days after making her sexual harassment complaint, Plaintiff received her first negative work performance evaluation and was later suspended from her job. At or

about the same time, Plaintiff was informed that Morrie's was investigating her sexual harassment complaint.

11. On or about June 30, 2001, Plaintiff was called into work for a meeting to discuss her harassment complaint against Mr. Wolf. During the meeting, Cindy Wagner informed Plaintiff that Morrie's had completed their investigation, and concluded that her sexual harassment allegations were false. Ms. Wagner further informed Plaintiff that since Morrie's was allegedly unable to confirm Plaintiff's sexual harassment allegations, Plaintiff was being terminated for making the harassment complaint against Mr. Wolf.

12. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission on or about September 5, 2001. Plaintiff requested a Notice of Right to Sue, which was issued on September 10, 2001. Plaintiff received an Amended Notice of Right to Sue on or about May 31, 2002.

---

## CAUSES OF ACTION

## COUNT I

### REPRISAL DISCRIMINATION PURSUANT TO 42 U.S.C. § 2000e-3

12. By reference hereto, Plaintiff incorporates paragraphs 1-11 above.

13. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer "to discriminate against any individual because he has opposed any practice made an unlawful employment practice by this title."

14. Defendants' conduct in connection with Plaintiff's employment was in violation of 42 U.S.C. § 2000e-3.

15. As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $50,000.

16. Defendants committed the above-alleged acts with malice, reckless disregard, or deliberate disregard for the rights and safety of Plaintiff. As a result thereof, Plaintiff is entitled to punitive damages in excess of $50,000.

**COUNT II**

**REPRISAL DISCRIMINATION PURSUANT TO MINN. STAT. § 363.03(7)**

17. By reference hereto, Plaintiff incorporates paragraphs 1-16 above.

18. Minn. Stat. § 363.03(7) provides that it is an unfair discriminatory practice for any person "to intentionally engage in any reprisal against any person because that person opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this chapter."

19. Defendants' conduct in connection with Plaintiff's employment was in violation of Minn. Stat. § 363.03(7).

20. As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $50,000.

**COUNT III**

**SEX DISCRIMINATION PURSUANT TO 42 U.S.C. § 2000e-2**

21. By reference hereto, Plaintiff incorporates paragraphs 1-20 above.

22. Plaintiff and Defendants herein named are employee and employer respectively for purposes of the definition set forth in 42 U.S.C. § 2000e et seq.

23. 42 U.S.C. § 2000e-2(a)(1) provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation terms, conditions, or privileges of employment, because of such individual's . . . sex . . ."

24. The unwelcome conduct of Defendants substantially interfered with Plaintiff's employment and created an intimidating, hostile, and offensive work environment. This conduct was sexual harassment in direct violation of 42 U.S.C. § 2000e et seq. Defendants knew or should have known of the existence of the harassment and failed to take timely and appropriate action.

25. As a result of Defendants' violations of 42 U.S.C. § 2000e et seq., and the failure to properly address the improper conduct, Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, and other damages in an amount in excess of $50,000.

26. Defendants committed the above-alleged acts with malice, reckless disregard or deliberate disregard for the rights and safety of Plaintiff. As a result thereof, Plaintiff is entitled to punitive damages in excess of $50,000.

**COUNT IV**

**SEX DISCRIMINATION PURSUANT TO MINN. STAT. § 363.03**

27. By reference hereto, Plaintiff incorporates paragraphs 1-26 above.

28. During the course of the Plaintiff's employment, Defendants discriminated against her on the basis of her sex with respect to the terms, conditions, and privileges of her employment and their actions, therefore, constitute an unfair employment practice against her in violation of Minn. Stat. § 363.03(1)(2).

29. Minn. Stat. § 363.03(1)(2) provides that it is unlawful for an employer "because of sex . . . to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities or privileges of employment."

30. Sex discrimination under Minn. Stat. § 363.03 includes sexual harassment as defined by Minn. Stat. § 363.01(14).

31. Minn. Stat. § 363.01(41) states:

> Sexual harassment includes unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other verbal or physical conduct or communication of a sexual nature when . . . that conduct or communication has the purpose or effect of substantially interfering with an individual's employment . . . or creating an intimidating, hostile, or offensive employment.

32. The unwelcome conduct of Defendants substantially interfered with Plaintiff's employment and created an intimidating, hostile and offensive work environment. This conduct was sexual harassment for purposes of Minn. Stat. § 363.01(14) and Defendants knew or should have known of the existence of the harassment and failed to take timely and appropriate action.

33. As a result of the conduct in violation of Minn. Stat. § 363.03 and the failure to properly address the improper conduct, Plaintiff has suffered loss of income, mental anguish, humiliation, embarrassment, and other damages in an amount in excess of $50,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deborah Melina for judgment against Defendants as follows:

1. That the practices of Defendants complained of herein be determined and adjudged to constitute reprisal and gender discrimination in direct violation of Title VII, 42 U.S.C. § 2000e and Minn. Stat. § 363.01 et seq.;

2. That Plaintiff be awarded all relief available under Title VII, 42 U.S.C. § 2000e and the Minnesota Human Rights Act, Minn. Stat § 363.01 et seq., including an amount equal to three times her lost salary and fringe benefits pursuant to Minn. Stat. § 363.071, subd. 2, each in amounts to be determined at trial, with interest on such amounts;

3. For compensatory damages for mental anguish and emotional distress in an amount in excess of $50,000;

4. For an award to Plaintiff of her attorney fees and the costs of this action, pursuant to Title VII, 42 U.S.C. § 2000e and Minn. Stat. § 363.14, subd. 3;

5. For a civil penalty against Defendants pursuant to Minn. Stat. § 363.071; and,

6. For such other and further relief as the Court deems just.

Dated: 7/11/02

NICHOLS KASTER & ANDERSON

Donald H. Nichols #78918
Steven Andrew Smith #260836
80 South Eighth Street
4644 IDS Center
Minneapolis MN 55402-2242
612-338-1919

ATTORNEYS FOR PLAINTIFF